956 F.2d 1172
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Aparecida D. TAYLOR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3559.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1992.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Aparecida Taylor appeals the decision of the Merit Systems Protection Board (Board), Docket No. PH08319110218. That decision affirmed the denial by the Office of Personnel Management (OPM) of Mrs. Taylor's request to revoke her late husband's election of a partial survivor annuity benefit. We affirm.
 
 
 2
 Mrs. Taylor is the widow of Philip Taylor. Before his death, Mr. Taylor elected partial survivor benefits for Mrs. Taylor. Mrs. Taylor signed a "Notification of Survivor Election" form indicating that she was aware of the survivor election made by her husband. Two witnesses signed this form. On that same day, Mrs. Taylor also signed a "Spouse's Consent to Survivor Election" form. This notarized form indicated that Mrs. Taylor freely consented to the election and that she freely signed the form. Three months later, Mrs. Taylor signed a notarized "Alternative Annuity Election" form which again stated that she freely consented to the election. The notary signature block on both forms requires the notary to certify that the consenting spouse signed the form in the notary's presence.
 
 
 3
 Mrs. Taylor does not dispute that she signed these consent forms. She contends that she did not sign the forms freely or with informed consent because the forms were witnessed and notarized after her signature, and because no one explained the retirement annuity process to her.
 
 
 4
 This court must uphold a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without adherence to procedural laws, rules, or regulations; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 5
 OPM requires a married employee to have spousal consent in order to elect a partially reduced annuity. Evidence of spousal consent must be filed on a notarized OPM form. 5 C.F.R. § 831.607 (1988). The forms submitted by OPM show that Mr. Taylor chose a partial survivor annuity and that Mrs. Taylor consented to this choice on the proper forms in the presence of witnesses and notaries public.
 
 
 6
 The Board determined that Mrs. Taylor failed to show that she did not knowingly consent to her husband's election of a partial survivor annuity. The only information Mrs. Taylor presents to support her claim of unknowing consent is her assertion that the forms were witnessed and notarized after her signature. Faced with a lack of any evidence corroborating Mrs. Taylor's claim, we cannot find anything arbitrary, capricious, abusive, or illegal in the Board's decision.